# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 08-20106-03-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| JOSE VIERA, | ) | No. 10-2594-KHV |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On October 29, 2010, defendant filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #172). The Court directed the parties to file briefs which were limited to the issue of potential procedural bars to defendant's motion. In particular, the Court noted that defendant's claims appear to be barred because in the plea agreement, he waived his right to file collateral challenges.[1] This matter is before the Court on Plaintiff's Motion To Enforce Waiver Of Collateral Attack (Doc. #175) filed March 4, 2011 and the Government's Motion For Extension Of Time To Respond To Defendant's Section 2255 Motion (Doc. #176) filed March 4, 2011.

Liberally construed, defendant's Section 2255 motion asserts that his conviction should be vacated because his first attorney, John Duma, was ineffective in that he did not inform defendant that (1) he would be deported as a collateral consequence of his conviction and (2) as a deportable alien, he would not be eligible for a reduction in his sentence upon completion of the Residential

---

[1] In the plea agreement, defendant waived any right to collaterally attack any matter in connection with the prosecution, his conviction or sentence except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). See Plea Agreement ¶ 10, attached to Petition To Enter Plea of Guilty And Order Entering Plea (Doc. #92) filed April 22, 2009.

Drug Abuse Program ("RDAP"). Doc. #172 at 4; Memorandum Of Facts And Law In Support Of Motion To Vacate, Set Aside, Or Correct Sentence (Doc. #173) filed October 29, 2010 at 2. Defendant also asserts that his second attorney, Alex McCauley, was ineffective in that (1) he did not file a motion to withdraw the guilty plea before sentencing and (2) he did not file an appeal as instructed. Doc. #172 at 5. The government argues that all of defendant's claims are barred by the waiver of collateral challenges in the plea agreement.

A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence is generally enforceable. United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002); United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998). The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement. United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004); Hahn, 359 F.3d at 1328. The Court construes the plea agreement according to contract principles and based on what defendant reasonably understood when he entered the plea. United States v. Arevalo-Jimenez, 372 F.3d 1204, 1206 (10th Cir. 2004). The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of defendant. Hahn, 359 F.3d at 1343.

The plea agreement states in relevant part as follows:

> **10.     Waiver of Appeal and Collateral Attack.**  The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion under Fed. Rule of Civ. Pro 60(b).  In other words, the defendant waives the right to appeal the sentence imposed except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.  However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, U.S.C. § 3742(a).

Plea Agreement ¶ 10, attached to <u>Petition To Enter Plea Of Guilty And Order Entering Plea</u> (Doc. #92) filed April 22, 2009.  The scope of this waiver unambiguously includes the right to collaterally attack by a Section 2255 motion any matter in connection with defendant's prosecution, conviction or sentence.  In <u>Cockerham</u>, however, the Tenth Circuit noted that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."  237 F.3d at 1187.

Here, defendant's ineffective assistance of counsel claims related to Mr. Duma (failure to inform him that he would be deported as a collateral consequence of his conviction and that as a deportable alien, he would not be eligible for a reduction of his sentence upon completion of RDAP) challenge the voluntariness and validity of the plea.  Because defendant has raised claims which challenge the voluntariness of his plea, the Court declines to enforce the waiver of collateral challenges in the plea agreement as to the claims related to Mr. Duma and as to the claim that Mr.

McCauley was ineffective in that he did not file a motion to withdraw the plea based on ineffective assistance of counsel by Mr. Duma. The final claim related to Mr. McCauley (failure to file an appeal) appears to fall within the scope of the waiver, but the Court cannot enforce the waiver as to that claim unless and until it determines that defendant knowingly and voluntarily waived his rights as part of the plea agreement. To do so, the Court must evaluate the substantive merit of defendant's claims. The Court therefore directs the government to file a response on the merits as to all claims in defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Enforce Waiver Of Collateral Attack (Doc. #175) filed March 4, 2011 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Government's Motion For Extension Of Time To Respond To Defendant's Section 2255 Motion (Doc. #176) filed March 4, 2011 be and hereby is **SUSTAINED**. **On or before May 2, 2011, the government shall file a response to defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #172). On or before May 27, 2011, defendant may file a reply.**

Dated this 13th day of April, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
